UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RASHAWN SIMPSON,

                Petitioner,                        **DECISION AND ORDER**
                                                                                         No. 03-CV-0555(VEB)

      -vs-

JAMES T. CONWAY, Supt. of Attica
Correctional Facility,

                Respondent.
_____

        *Pro se* petitioner Rashawn Simpson ("petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction on the grounds that he was denied his New York statutory right to testify before the grand jury and that his trial counsel was ineffective in regards to petitioner's failure to testify before the grand jury. On January 20, 2004, the Court (Schroeder, M.J.) granted petitioner's request to hold his petition for habeas corpus in abeyance pending his efforts to exhaust his state court remedies with respect to certain–and what he claimed were "new"–unexhausted claims raised in the petition. *See* Docket No. 12. Petitioner was warned that if he did not satisfy the conditions of the stay–namely, promptly initiating efforts to exhaust in state court and then returning to federal court once those were completed–the stay could be vacated and the petition dismissed if it were not still timely. *See id.* Petitioner subsequently sought five extensions of time regarding compliance with the first condition on the ground that he was, for one reason or another, unable to properly prepare and commence a state court application for a writ of error *coram nobis* because he was denied

legal supplies or access to the law library. *See* Docket Nos. 13, 15, 19, 22 & 24. Each of these requests was granted, but the last contained a proviso that no further extensions of time to commence state court proceedings would be entertained. *See* Docket No. 25. Petitioner nevertheless filed yet another request for an extension of time, the basis of which was the same as the previous ones. *See* Docket No. 26. The Court (Schroeder, M.J.), on October 24, 2005, denied that request for an extension of time, noting that to do so would run afoul of the express conditions set forth in *Zarvela v. Artuz*, 254 F.3d at 381 ("However, the concern about excessive delays [in habeas corpus proceedings] in seeking exhaustion and in returning to federal court after exhaustion can easily be dispelled by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.") (citation omitted). *See* Docket No. 27. The Court also rescinded the Order of January 20, 2004, granting petitioner a stay and holding his petition in abeyance. *See id.*

Petitioner has now moved this Court[1] for reconsideration of the order denying his last request for an extension of time to initiate exhaustion efforts and rescinding the stay. *See* Docket No. 28. In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements. *E.g.*, *In re C-TC 9 Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (cited in *Graziano v. Lape*, No. 904CV0084LEKGJD, 2005 WL 1176567, *1 (N.D.N.Y. 2005) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition to add an additional claim). The court's rulings under such motions are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of

---

[1] The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c)(1). *See* Docket No. 30.

discretion." *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Generally, the courts recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (citing in turn *McLaughlin v. New York*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1.

Although petitioner has failed to specify the grounds upon which he brings the present motion, it is clear that the first two grounds for reconsideration are inapplicable to the matter at hand; there were no intervening changes in the law, nor was there new evidence not previously available. That leaves the Court with only the third ground, pursuant to which petitioner must demonstrate a need to correct a clear error of law or prevent manifest injustice. This he has failed to do. The reasons given by petitioner for reconsideration merely repeat those set forth in support of his earlier requests for extensions of time–that he allegedly is unable to use the law library at the prison and that this deprivation of his access to the library is purportedly the result of retaliatory actions by prison officials.[2] *See id.* The Court cannot find these assertions credible on the record before it. As Magistrate Judge Schroeder noted in his previous Order, the Court has been more than accommodating in affording petitioner numerous extensions of time to initiate his efforts to exhaust. The Court simply cannot agree with petitioner's claim, made in conclusory fashion, that he will suffer "irredeemable prejudice" if the stay is not reinstated. *See id.*

---

[2]     Petitioner acknowledges that he has been informed that the proper vehicle for addressing such claims is an action pursuant to 42 U.S.C. § 1983.

Petitioner has not met the stringent requirements of showing that reconsideration of the motion rescinding the stay and abeyance is warranted. Accordingly, petitioner's motion for reconsideration (Docket No. 28) is **DENIED with prejudice.**

  **IT IS SO ORDERED.**

                 /s/ *Victor E. Bianchini*
               _____
                VICTOR E. BIANCHINI
                United States Magistrate Judge

DATED:  October 15, 2007
      Buffalo, New York**.**