IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

RASHAWN SIMPSON,

                Petitioner,

-vs-

JAMES T. CONWAY, Superintendent,
Attica Correctional Facility,

                Respondent.

**DECISION AND ORDER**
No. 03-CV-0555(VEB)

_____

## I.    Introduction

Petitioner Rashawn Simpson ("Simpson" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction, following a jury trial, on two counts of first degree robbery and related counts charging criminal use of a firearm, criminal possession of a weapon, criminal possession of stolen property; he also was convicted of second degree forgery.

The conviction here at issue stems from the hold-up of Elijah Mack at gunpoint as Mack was closing his store in Buffalo. Simpson held a pistol to Mack's head and told him to open the cash register. After removing between $400 and $500 from the register and from Mack's pockets, Simpson ran out of the store. Mack tripped the security alarm and went outside to flag down two police officers.

Meanwhile, Simpson jumped into a car driven by Damion Phillips, later indicted as his co-defendant. After the police cornered their getaway vehicle, Simpson and Phillips fled on foot. As he was running through a backyard, Simpson was observed tossing a gun on the lawn by

Officer Maiola of the B.P.D. Simpson then ran directly toward Officer Colon, who was waiting with his service revolver drawn. Simpson threw a wad of cash down onto the ground. The officers advised him of his *Miranda* rights, which he waived. Simpson admitted participating in the robbery, but claimed that his weapon was a knife, not a gun. The police returned him to the store, where Mack identified him as the perpetrator.

Simpson's conviction was affirmed on direct appeal. He is currently incarcerated pursuant to concurrent sentences on the robbery and related convictions, the longest of which is 10 to 20 years. The sentence of 1⅓ to 4 years on the forgery conviction was set to run consecutively to the other sentences.

In this timely habeas petition, Simpson raises the following two claims: (1) he was denied his right under New York state statutory law to testify before the grand jury; and (2) trial counsel was ineffective in failing to effectuate petitioner's desire to present testimony to the grand jury. Respondent has answered the petition, arguing that the grand jury claim is not cognizable on habeas review and that the ineffective assistance claim is unexhausted but subjected to an unexcused procedural default. Respondent argues that, in any event, neither claim has merit and habeas relief is therefore unwarranted.

The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons that follow, the petition is dismissed.

## II. Discussion

### A. Ground One: Denial of petitioner's right under New York statutory law to testify before the grand jury

Simpson asserts that prior to the return of the second (superseding) indictment, he wrote to his defense counsel and the clerk of court regarding his intention to testify; he presumed that

because his letters were not returned, the district attorney's office had been notified by the clerk of court of his desire to testify. Simpson contends that the superseding indictment was returned in error in violation of his New York statutory right to testify. On direct appeal, the Appellate Division held that the trial court properly denied his motion to dismiss the indictment because he was allegedly denied his right to testify before the Grand Jury because the motion, having been made several months after he was arraigned on the indictment, was untimely. *People v. Simpson*, 292 A.D.2d 852, 852 (App. Div. 4th Dept. 2002) (citations omitted).

As respondent argues, this claim is not cognizable on federal habeas review. "The Supreme Court has long held that the United States Constitution's Fifth Amendment provision for presentment or indictment by grand jury does not apply to the several states through the Fourteenth Amendment; in short, there is no federal constitutional right to be indicted by a grand jury prior to trial in a state criminal action." *Velez v. People of State of N.Y.*, 941 F. Supp. 300, 315 (E.D.N.Y. 1996) (citing, *inter alia Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Hurtado v. California*, 110 U.S. 516, 538 (1884); *Cobbs v. Robinson*, 528 F.2d 1331, 1334 (2d Cir. 1975), *cert. denied*, 424 U.S. 947 (1976)). New York State, in its Constitution, guarantees the right to be indicted by a grand jury when charged with a capital or otherwise "infamous" crime. *See* N.Y. CONST. art. I, § 6. "Unlike an accused's right to be indicted by a grand jury in New York, however, his right to appear before the grand jury is purely statutory." *Velez*, 941 F, Supp. at 315 (citing N.Y. CRIM. PROC. LAW § 190.50).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the

petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"). Because the right of a defendant in New York to testify before the grand jury is not a matter of federal constitutional law but rather is merely a matter of New York statutory law, any infringement of that right cannot form the basis of a cognizable habeas claim. Accordingly, Ground One of the petition is dismissed.

> **B.  Ground Two: Ineffective assistance of trial counsel based upon the failure to ensure petitioner's right under New York statutory law to testify before the grand jury**

As his second ground for habeas relief, petitioner contends that despite knowing of petitioner's desire to testify before the grand jury prior to the return of both indictments, counsel "did not make any attempts to oblige defendant's request/desire." Petition at 5, ¶12(B) (Docket No. 1).

Respondent argues that Simpson's appellate counsel did not explicitly raise a claim of ineffective assistance of trial counsel in connection with the failure of Simpson to have testified before the grand jury but mentioned this issue only insofar as it related to whether he should be excused for failure to move in writing within five days of arraignment to dismiss the indictment under New York Criminal Procedure Law ("C.P.L.") § 190.50(5). *See* Petitioner's Appellate Brief at 18-19 (Respondent Exhibit A). Accordingly, respondent contends, Simpson never fairly presented his ineffective assistance claim to the state courts so as to put them on notice that he was raising a constitutional claim. Therefore, respondent argues, the claim is unexhausted, but nevertheless should be deemed exhausted (although procedurally defaulted) because Simpson can no longer return to state court to exhaust the claim.

In the present case, although respondent has raised the affirmative defense of procedural

default with regard to petitioner's claim of ineffective assistance, the Court will dispose of this claim on the merits since the underlying issue is more easily resolved. *Accord*, *e.g.*, *Gil v. Mazzuca*, 2004 WL 389103, at *7 (S.D.N.Y. Mar. 3, 2004) ("Rather than determine whether alluding to th[e] issue [of the voluntariness of petitioner's guilty plea] in the context of making an ineffective assistance argument is sufficient preservation, the Court will dispose of this claim on the merits since the underlying issue is easily resolved.") (citing *Dunham*, 313 F.3d at 729-30); *see also Boddie v. New York State Div. of Parole*, 285 F. Supp.2d 421, 428 (S.D.N.Y. 2003) (finding that "thorny issue" of exhaustion in parole context "need not be addressed" since underlying habeas claims were without merit) *Brown v. Thomas*, No. 02 Civ. 9257(GEL), 2003 WL 941940, at *1 (S.D.N.Y. Mar. 10, 2003)) (declining to resolve complicated exhaustion issue in parole denial case and noting that in habeas corpus cases "potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit").

In order to prove that his representation at trial was constitutionally ineffective for Sixth Amendment purposes, Simpson must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). To meet the first element, petitioner must show that counsel's performance was objectively unreasonable in light of prevailing professional norms of practice. To meet the second element, petitioner must show that but for counsel's errors, there is a reasonable probability that the outcome of his criminal proceeding would have been more favorable. *Clark v. Stinson*, 214 F.3d 315 (2d Cir. 2000).

Here, as a matter of New York law, an attorney's failure to effectuate a defendant's right

to testify before the grand jury, standing alone, does not constitute ineffective assistance of counsel. *E.g.*, *People v. Wiggins*, 89 N.Y.2d 872, 873 (N.Y. 1996) (holding that defense counsel's failure to timely facilitate defendant's intention to testify before grand jury did not, *per se*, amount to denial of effective assistance of counsel); *accord*, *e.g.*, *People v. Russ*, 292 A.D.2d 862, 739 N.Y.S.2d 512, 513 (App. Div. 4th Dept. 2002) (citations omitted); *People v. Conyers*, 285 A.D.2d 825, 826, 727 N.Y.S.2d 545, 547 (App Div. 3d Dept. 2001). Even if we were to find that his attorney acted in a manner that was objectively unreasonable, Simpon has failed to show how he was prejudiced by any shortcomings on his trial counsel's part in relation to the grand jury proceeding. I note that Simpson did not testify at trial, and he has never indicated what he would have told the grand jury that would have prevented him from being indicted. Thus, Simpson's ineffective assistance claim should be denied because he has failed to show that his absence from the grand jury proceeding prejudiced his defense. *Lemons v. Parrott*, 01 Civ. 9366, 2002 WL 850028 at *6 (S.D.N.Y. May 2, 2002) ("[B]ecause [petitioner] was found guilty by the petit jury, we find any error that prevented [petitioner] from testifying in front of the grand jury to be harmless. [Petitioner] has not stated what he would have told the grand jury if he had the opportunity to testify; hence [petitioner] 'has failed to show any prejudice resulting from the alleged failure of his attorney to secure an opportunity for him to testify before the grand jury.") (footnote omitted); *see also Montalvo v. Annetts*, No. 02 Civ.1056 LAK AJP, 2003 WL 22962504, *29 (S.D.N.Y. Dec. 17, 2003) ("Moreover, Montalvo fails to show any prejudice from appellate counsel's decision to forego this claim: nowhere does Montalvo even suggest what he would have testified to before the grand jury and how that testimony would have changing its decision to indict him."); People v. Harrison, 304 A.D.2d 376, 377, 758 N.Y.S.2d

300 (1st Dep't 2003) (counsel's failure to file a timely motion to dismiss the indictment on the basis that defendant was denied his right to testify before the grand jury, standing alone, does not constitute ineffective assistance of counsel; defendant failed to demonstrate how his testimony would have affected the outcome of the proceedings).

### III. Conclusion

For the reasons stated above, petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. *See*, *e.g.*, *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111-113 (2d Cir. 2000).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: July 16, 2009
Buffalo, New York